## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PENNSYLVANIA
## PHILADELPHIA, PENNSYLVANIA

| | |
|---|---|
| **Victor MOCANU** | ) |
| **Plaintiff** | ) |
| **v.** | ) |
| | )    **Case No. _____** |
| **Robert S. Mueller, Director** | ) |
| **Federal Bureau of Investigations** | )    **Agency file A 47-091-363** |
| | ) |
| **Unknown US Federal Government** | ) |
| **Agency or Agencies** | ) |
| | ) |
| **Michael Chertoff, Secretary of the** | ) |
| **Department of Homeland Security** | ) |
| | ) |
| **Emilio Gonzalez, Director** | ) |
| **U.S. Citizenship and Immigration Services** | ) |
| | ) |
| **Donald Monica, District Director, U.S.** | ) |
| **Citizenship and Immigration Services, Phila.** | ) |
| **Defendants** | ) |

## COMPLAINT AND PETITION
## FOR HEARING ON NATURALIZATION

Plaintiff/Petitioner, Victor Mocanu, by and through undersigned Counsel, hereby

requests this Court to conduct a hearing on his naturalization application pursuant to its

exclusive jurisdiction under 8 U.S.C. §1447(b) to adjudicate whether he should be scheduled for

an oath ceremony and receive his U.S. citizenship. In the alternative, Plaintiff/Petitioner

requests that the Court mandates the respective defendants to complete examinations and

processing connection with his application for naturalization, which has been pending since

March 19, 2004. In support of this Petition, Plaintiff avers as follows:

**PARTIES**

1.     Petitioner, Victor Mocanu, is an adult male citizen from Romania. He resides 3117

Friendship, PA 19149. He filed an Application for Natz which has been pending since

March 19, 2004.

2.     Defendant/Respondent Robert Mueller, Director of the Federal Bureau of Investigations,

is responsible for completing all security records checks in Immigration related matters,

through FBI and other U.S. agency resources.  He is sued in this official capacity only.

3.     Defendant/Respondent, Unknown Agency, is an agency or agencies within the U.S.

Government which has/have responsibility for conducting security records checks in

Immigration related matters such as the Naturalization petition at issue here, and so

advising the FBI. It is sued in its official capacity only.

4.     Defendant, Michael Chertoff, Secretary, Department of Homeland Security, is

empowered with the  implementation of benefits and services including Naturalization

pursuant to the Immigration and Nationality Act (INA), 8 U.S.C. § 1101, et. seq. He is

sued in this official capacity only.

5.     Defendant, Emilio Gonzalez, Director of U.S. Citizenship and Immigration Services

(USCIS) and the senior officer of that agency.  He is charged under 8 U.S.C. § 1103(c)

with all responsibilities delegated to him by the Secretary of the Department of

Homeland Security and authority in the administration of the U.S. Citizenship and

Immigration Services and the Act including Naturalization.   He is sued in this official

capacity only.

6.     Defendant, Donald Monica, District Director, Bureau of Citizenship Immigration

Services, Philadelphia is the designee of Defendant Gonzalez empowered with implementing benefits and services under the INA. As such, he is the individual with supervisory responsibility over the adjudication and action on Petitioner's naturalization petition at issue here. He is sued in this official capacity only.

## JURISDICTION

7. This Court has direct and *exclusive* jurisdiction over this matter with the filing of this Petition. This jurisdiction is provided for by 8 U.S.C. §1421(e); 8 U.S.C. §1447(b);[1] and 28 U.S.C. §1331. There is no requirement for administrative exhaustion because the agency has failed to act on this application beyond the 120 days provided for in the statute. The failure to act on the underlying application after Mr. Mocanu was scheduled for an interview and then descheduled, without explanation, provides the Court with exclusive jurisdiction to decide the case on its merits. *See*, *U.S. v. Hovsepian*, 359 F.3d 1144, 1164 (9th Cir. 2004)(*en banc*).

8. To the extent that the Government's actions in this matter are not supported by substantial justification, attorneys fees are appropriate. The Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412 (the "EAJA"), provides for the award of costs and attorney's fees to a prevailing party in litigation against the United States or

---

[1]8 U.S.C. §1447

(a) If, after an examination under section 335 an application for naturalization is denied, the applicant may request a hearing before an immigration officer.

(b) If there is a failure to make a determination under section 335 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

one of its agencies.

9.      The EAJA has been invoked to justify the award of attorney fees and costs in

immigration cases.  See, e.g., *Commissioner, Immigration and Naturalization Service v.*

*Jean*, 496 U.S. 154 (1990); accord *Dabone v. Thornburgh*, 734 F.Supp. 195 (E.D. PA

1990) and *Harriott v. Ashcroft*, 277 F. Supp. 2d 538, 545-46 (E.D.Pa. 2003).

## VENUE

10.     Venue is properly in this Court.  The Petitioner resides in the District.  Mr. Monica, the

Defendant with direct administrative responsibility over the Petitioner's application

operates and has his principle office in the District. Petitioner was scheduled for an

interview at the Defendants' CIS office in this District, located at 1600 Callowhill Street,

Philadelphia PA 19130. All defendants are sued in their official capacities only.

## CAUSES OF ACTION

11.     There is no administrative alternative to this complaint. The FBI has made plain that the

only way that an individual can require completion of a delayed security check is by U.S.

District Court Order (Exhibit 1). Specifically, the FBI has acknowledged that the

processing of security clearances and name checks "has delayed the processing of regular

submission from USCIS." See paragraph 19 of Declaration of Michael A. Cannon.

(Exhibit 2). The FBI has also acknowledged that in at least 10% of the cases it reviews

for USCIS records must be reviewed through paper files. Id. Paragraph 14. However,

"less than 1% of the request are identified with a file containing possible derogatory

information." Id. Paragraph 15. As a final note, in the individual review for which the

FBI was making its declaration the name check and security clearance process took

almost 22 months. Id. Paragraph 21.  The statute requires action within 120 days from the

interview 8 U.S.C. §1447(b).

12.    Naturalization is the act of conferring citizenship on a person who is not a citizen by

birth.  Title V of the Immigration Act of 1990 changed the legal process for

naturalization.  Previously officers of the Immigration and Naturalization Service (INS),

as Examiners for State and Federal Courts, had investigated and documented cases for

initial decision by the Judges of these courts.  Under the present statute, cases are

adjudicated by the U.S. Citizenship and Immigration Services and need not be decided by

Courts unless the applicant seeks a change of name.  However, provision is made for

judicial review, if administrative naturalization is denied or delayed by 8 U.S.C. §

1421(c).  This provision also allows for a trial *de novo*.

13.    In order to qualify for judicial naturalization, the applicant lawful permanent resident

must:

a.    have applied for naturalization and been refused;

b.    have sought administrative review under 8 U.S.C. §1447 and been refused;

c.    seek relief in the appropriate U.S. District Court, which is this action.

As set forth in this complaint, the delay in adjudication is a constructive denial of the

application and a refusal to provide administrative review.  Inaction on an application

meets the first two requirements set forth above.

14.    It is counsel's experience that security clearance delays are often attributable to mundane

or easily rectifiable issues such as confusion of names and identities. These issues are not

given priority by the FBI or other agencies, even though resolution is a ministerial act

and not time consuming.

15.    The facts of this matter are simple and should not be in dispute. Mr. Mocanu filed an

application for Naturalization (N400) and received a receipt on March 19, 2004 (Exhibit 3).

On June 3, 2004 Mr. Mocanu received a Fingerprint Notification and he was fingerprinted

shortly thereafter (Exhibit 4). He was scheduled to appear for an Interview for February 24,

2005 (Exhibit 5).

16.     However, Mr. Mocanu received a Notice dated January 27, 2005 stating that his February

24, 2005 Interview was descheduled due to "unforeseen circumstances" (Exhibit 6). On June

13, 2005 Counsel sent a letter to UCSIS asking why the Interview was cancelled and asking

for rescheduling (Exhibit 7), the agency never responded.

17.     On November 16, 2005 Counsel sent another letter to USCIS asking for the status of the

application (Exhibit 8). USCIS finally sent a letter to Counsel on August 29, 2005 stating

that Respondent's case was still pending, that the background checks were outside USCIS,

and that "these final checks can delay your case for an undetermined amount of time."

(Exhibit 9)

18.     Mr. Mocanu meets all the requirements for naturalization.  He has resided in

Pennsylvania and been physically present in the U.S. for at least five years prior to the

application.  INA §316(a) and (c)[2].  He has been ready, willing and able to demonstrate

his knowledge of U.S. government, civics, history and the English language.  INA §312,[3].

He has demonstrated good moral character for the five year time period prior to the

application and he has no criminal history whatsoever.  INA §316(a).  He simply wants to

become a U.S. citizen.

19.     The Defendants have constructively denied this application by its repeated failure to act.

[2]8 U.S.C.§1427(a) and (c).

[3]8 U.S.C. §1423.

20. In counsel's experience, if a case is properly adjudicated, a notice for oath ceremony is received between 1 month to 3 months after a successful interview. It has now been over 3 years since Plaintiff filed his N-400 Application.

## COUNT I

21. Paragraphs 1 through 20 are repeated and re-alleged as though fully set forth herein.

22. The USCIS failure to adjudicate Mr. Mocanu's application for naturalization lawful permanent residence violates the Immigration and Nationality Act (INA). In particular, 8 U.S.C. §1447(b) requires the USCIS to issue a decision within 120 days of an applicant being interviewed and the Interview has been cancel, indefinitely. Mr. Mocanu paid the filing fee and filed the application for naturalization with the Agency. The Agency scheduled and then descheduled the naturalization interview without explanation, possibly with the intent of avoiding the time constraints in the statute. Mr. Mocanu was and continues to be ready, willing and able to attend the interview, was prepared to answer all questions, and was prepared to prove his knowledge of the English language and U.S. history. The statute provides that action be taken within 120 days from the date of the interview. 8 U.S.C. §1447(b). It further allows for judicial review if there is inaction on the application. 8 U.S.C. §1421(c).

## COUNT II

23. Paragraphs 1 through 22 are repeated and re-alleged as though fully set forth herein.

24. The USCIS failure to adjudicate Mr. Mocanu's application for naturalization violates the Adiminstration Procedure Act (APA). The Agency failure to act for more than one year after the filing in this matter is unlawful under the APA. The APA, 5 U.S.C. §706(1)

allows a Court to compel agency action unlawfully withheld or unreasonably delayed.

Simply put, the Government does not have a ground for delaying the action in this case.

## COUNT III

25.   Paragraphs 1 through 24 are repeated and re-alleged as though fully set forth herein.

26.   The USCIS failure to adjudicate Mr. Mocanu's application for lawful Naturalization

represents a total failure to act.  Such a failure is a violation of Due Process under the

Constitution and is a violation of a duty owed to the Petitioner.  Therefore, it is requested

that this Court issue an order under its Mandamus powers as set forth in 28 U.S.C. §1361.

27.   There is no dispute that Mr. Mocanu's administrative file demonstrates that he meets all

three elements of the above referenced section. The instant application has been delayed

by government inaction in completing administrative security clearances, which does not

involve any exercise of discretion. The government cannot by inaction abuse its authority

by failing to make a decision. *Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98

L.Ed. 681 (1954) The U.S. Supreme Court reversed and remanded an INS District

Director's decision on the grounds that he had not actually exercised discretionary action.

While the government has discretion, it does not have the discretion to infinitely delay

making a decision. The failure of the government to make a decision is a violation of the

type of duty identified in 28 U.S.C. §1361.  Under Mandamus, this Court has the power

to compel action to perform that duty although it cannot mandate whether the decision is

to approve or to deny.

## COUNT IV

28.   To the extent that the Government's actions in this matter are not supported by substantial

justification, attorneys fees are appropriate.  The Equal Access to Justice Act, as amended,

5 U.S.C. § 504 and 28 U.S.C. § 2412 (the "EAJA"), provides for the award of costs and attorney's fees to a prevailing party in litigation against the United States or one of its agencies.  Plaintiff respectfully requests that this Court grants "EAJA" costs and fees as provided by statute.

WHEREFORE, for all of the above stated reasons, Petitioner, Mocanu, respectfully requests this Court to Order the following relief:

(a)     Declare the refusal by defendants to adjudicate his application for adjustment of status to be contrary to law;

(b)      Order defendants to schedule a naturalization interview and issue a decision in this matter within 30 days, and

(c)     Grant Plaintiffs costs and attorneys fees and such other and further relief that

        this  Court may deem proper.

                          Respectfully submitted,

                          _____

                          JAMES ORLOW - JJO3063
                          Attorney for Plaintiff
                          Pennsylvania Bar #13108
                          ORLOW AND ORLOW, P.C.
                          P.O. Box 40017
                          620 Chestnut St., Suite 656
                          Philadelphia, PA 19106
                          (215)922-1183
                          (215)922-0516 -Facsimile
                          jorlow@orlow.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PENNSYLVANIA
PHILADELPHIA, PENNSYLVANIA**

| | | |
|---|---|---|
| **Victor MOCANU** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | |
| | ) | **Case No. _____** |
| **Robert S. Mueller, Director** | ) | |
| **Federal Bureau of Investigations** | ) | **Agency file A 47-091-363** |
| | ) | |
| **Unknown US Federal Government** | ) | |
| **Agency or Agencies** | ) | |
| | ) | |
| **Michael Chertoff, Secretary of the** | ) | |
| **Department of Homeland Security** | ) | |
| | ) | |
| **Emilio Gonzalez, Director** | ) | |
| **U.S. Citizenship and Immigration Services** | ) | |
| | ) | |
| **Donald Monica, District Director, U.S.** | ) | |
| **Citizenship and Immigration Services, Phila.** | ) | |
| **Defendants** | ) | |
| | ) | |

**EXHIBIT LIST**

Exhibit 1 – Copy of FBI Name Check Expedite Criteria

Exhibit 2 – Declaration of Michael A. Cannon

Exhibit 3- Copy of N400 Receipt dated April 13, 2004

Exhibit 4 - Copy of Fingerprint Notification dated May 14, 2004.

Exhibit 5 – Copy of N400, Request for Applicant to Appear for Interview dated December 30, 2004.

Exhibit 6 - Copy of Descheduled Interview dated January 27, 2005.

Exhibit 7 – Copy of letter to USCIS dated June 13, 2005.

Exhibit 8 – Copy of letter to USCIS dated November 16, 2005.

Exhibit 9 – Copy of Correspondence letter from USCIS dated August 29, 2005.