IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR MOCANU | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT S. MUELLER, et al. | : | NO. 07-0445 |

MEMORANDUM

**Baylson, J.**                                                                                                        October 3, 2007

I.   **Factual Background & Procedural History**

Plaintiff in this case seeks a hearing on a pending naturalization Petition. The Defendants, all government agencies, have moved to dismiss for lack of subject matter jurisdiction.

Victor Mocanu ("Plaintiff"), a citizen of Romania, alleges as follows: he meets all of the requirements to become a U.S. Citizen and wishes to do so (Compl. ¶ 18); the United States Citizenship and Immigration Services ("USCIS") received his Application for Naturalization on March 19, 2004 (Compl. ¶15); Plaintiff was fingerprinted shortly thereafter (Id.); Plaintiff was then scheduled to interview with the USCIS on February 24, 2005 (Id.); in January, the USCIS notified Plaintiff that the February 24, 2005 interview had been canceled "due to unforeseen circumstances" (Id. at ¶16); in August, 2005, the USCIS informed Plaintiff that his case remained unresolved awaiting the results of background checks, which could delay the case for "an undetermined amount of time" (Id. at ¶17); since then, Plaintiff has heard nothing from USCIS and, nearly two years later, his application remains pending. (Id.)

Plaintiff brings this action against Robert Mueller, Emilio Gonzalez, Michael Chertoff, and Donald Monica, as the directors of the Federal Bureau of Investigation ("FBI"), the USCIS,

the Department of Homeland Security, and the Philadelphia office of Citizenship and Immigration Services, respectively. Additionally, Plaintiff names "Unknown US Federal Government Agency or Agencies," as defendants on the theory that some unidentified U.S. entity or entities might be contributing to the delay in processing his application.

Plaintiff's Complaint seeks relief on four counts. The first count states that the government's failure to act violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1421(c), 1447, whereas the second alleges that this failure constitutes a violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(1). The third count seeks relief under the mandamus statute, 28 U.S.C. § 1361. Plaintiff's fourth count requests attorneys fees under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412. Ultimately, Plaintiff requests that this Court either (a) conduct a hearing on his naturalization application or (b) compel the relevant Government agencies to take the steps necessary to complete his naturalization process.

Defendants filed a Motion to Dismiss the Complaint, contending that this Court lacks subject matter jurisdiction over the matter. (Doc. No. 4.) Plaintiff filed an Opposition to the Government's Motion to Dismiss. (Doc. No. 5.) The Court requested supplemental briefing.

II.   **Parties' Contentions**

The government moves to dismiss the case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), contending that neither the INA nor the APA provide a judicial remedy at this stage in the application process. Plaintiff argues against this reading of the applicable statutes, urging the Court to find jurisdiction appropriate under the INA alone, or alternatively

under the INA in conjunction with the APA or the mandamus powers.  There is no Circuit Court opinion on point.

### III.     Legal Standard

In opposing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the individual seeking to invoke the right to bring a claim in federal court has the burden of demonstrating subject matter jurisdiction.  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.1991).  In turn, the court "may not presume the truthfulness of plaintiff's allegations, but rather must evaluate for itself the merits of the jurisdictional claims." Hedges v. United States, 404 F.3d 744, 750 (3d Cir.2005) (brackets omitted) (*quoting* Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977)).

### IV.     Discussion

Title V of the Immigration Act of 1990 provides the statutory basis for the naturalization process.  A person who has been lawfully admitted to the United States for permanent residence is eligible to become a citizen upon establishing five years of continuous residence in the United States and a showing of good moral character.  8 U.S.C. § 1427(a).  The statute, in conjunction with agency regulations, sets out a four-step procedure for naturalization: (a) the filing of the application itself; (b) an investigation and background check; (c) an examination; and (d) the administration of the oath of allegiance. 8 U.S.C. § 1446(a); 8 C.F.R. § 335; see also Ajmal v. Mueller, No. 07-206, 2007 WL 2071873, at *2 (E.D.Pa., July 17, 2007) (Kauffman, J.). Plaintiff's application is currently stalled at the second step of the process, the background check.

A.  **Immigration and Nationality Act**

Plaintiff argues that jurisdiction is appropriate under section 1421(c) of the INA.  Section 1421(c) gives a district court the authority to review the denial of an application for naturalization and, upon request, to conduct a hearing *de novo* to determine if an alien is eligible for naturalization. 8 U.S.C. § 1421(c).  Such review is only appropriate, however, where the applicant has previously sought a hearing with an immigration officer under section 1447(a) of the INA.  Id.  In turn, section 1447(a) allows for a hearing before an immigration officer only after an "examination" (the third step in the naturalization process) has been completed. 8 U.S.C. §1447(a).[1]

In this case, Plaintiff alleges no examination has taken place, and as such, Plaintiff is entitled to neither a hearing before an immigration officer under section 1447(a), nor judicial review under section 1421(c).  Plaintiff contends that the long delay in completing required background checks constitutes "a constructive denial of his application and a refusal to provide administrative review," warranting judicial intervention. (Compl. ¶13.)

Plaintiff also seeks review under section 1447(b), which allows an alien to request judicial review of naturalization applications where the USCIS has not made a determination within 120 days of an examination.  8 U.S.C. § 1447(b).  Again, because the Plaintiff's

---

[1] To date, courts have split on the definition of "examination." At least one court has ruled that "examination" refers to the entire investigative process informing the USCIS's determination of eligibility for naturalization, including FBI background checks, fingerprinting, and interviews with applicants. Danilov v. Aguirre, 370 F. Supp. 2d 441 (E.D.Va. 2005).  Other courts have determined that the term "examination" in this context refers solely to the act of interviewing the applicant.  El-Daour v. Chertoff, 417 F. Supp. 2d 679 (W.D. Pa. 2005); Shalan v. Chertoff, No. 05-10980, 2006 WL 42143 (D. Mass., Jan. 06, 2006).

application has not progressed to the "examination" stage, Defendants contend that judicial review under section 1447(b) would be inappropriate at this time.

### B. Administrative Procedure Act

Plaintiff alternatively argues that the failure to act upon his application for over a year is improper and reviewable under the APA. The APA allows a "reviewing court [to] compel agency action unlawfully withheld or unreasonably delayed. . . ." 5 U.S.C. § 706(1). In Badier v. Gonzalez, 475 F. Supp. 2d 1294 (N.D.Ga. 2006), the court held on facts nearly identical to those alleged in the instant matter that neither the APA nor the INA presented a basis for federal subject matter jurisdiction. The Badier court based its APA analysis on a Supreme Court holding that action under the Act is appropriate "only where an agency failed to take a discrete action that it was required to take." Norton v. S. Utah Wilderness Alliance, 542 U.S. 55 (2004). Because the Badier court determined that the INA establishes no time-frame for the adjudication of naturalization applications, and that such adjudication is at the discretion of the Attorney General, it found that the USCIS was not legally required to take any discrete action. Badier, 475 F. Supp. 2d at 1299. Accordingly, the court found that it had no subject matter jurisdiction under the APA. Id.

A recent decision from this District; however, held in part that the USCIS "has a mandatory non-discretionary obligation to adjudicate . . . applications [for naturalization] within a reasonable amount of time. It cannot simply ignore them." Kaplan v. Chertoff, 481 F. Supp. 2d 370, 399 (E.D.Pa. 2007) (Robreno, J). In the relevant portion of Kaplan, Judge Robreno denied the Government's motion to dismiss a class-action lawsuit against the USCIS and FBI for failure to take action on applications for lawful permanent residence and naturalization. Id. The

court determined that "mandatory rather than permissive language" within agency regulations supported the conclusion that the USCIS was obligated to take a discrete action, thus satisfying the Norton requirement.  Id.  Additionally, Kaplan holds the USCIS "'does not possess unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely.'"  Id. (*quoting* Kim v. Ashcroft, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004)).  Likewise, Judge Robreno determined that "Congress has imposed a mandatory duty on the FBI to perform background checks," and for that reason refused to dismiss the plaintiff's APA claim against the FBI. Kaplan, 481 F. Supp. 2d at 400.  Here, Plaintiff argues that in light of Kaplan, this Court should allow his claims against the USCIS and FBI to proceed by finding jurisdiction under the APA.

Subsequent to the filing of Petitioner's Opposition to Government Motion to Dismiss, Judge Kauffman ruled on an a motion to dismiss in a case with a factually indistinguishable record, reaching the opposite conclusion from Badier, at *2.  In Ajmal, Judge Kauffman stated that dismissing the plaintiff's action "would render meaningless the APA's directive that agencies resolve matters presented to them 'within a reasonable time.'"  Id.  Citing Kaplan, he ruled that the USCIS and the FBI have a non-discretionary duty under the INA to process applications for naturalization, and under the APA to do so in a timely manner.  Id. Correspondingly, he found subject matter jurisdiction appropriate under the APA and denied the Government's motion to dismiss.  Id.  Judge Kauffman found himself in accord with several courts on this matter, notwithstanding Badier.  See Kaplan, 481 F. Supp. 2d at 399; Yong Tang v. Chertoff, 493 F. Supp. 2d 148 (D. Mass. 2007); Yu v. Broan, 36 F. Supp. 2d 922 (D.N.M. 1999); Duan v. Zamberry, No. 06-1351, 2007 WL 626116 (W.D. Pa. Feb. 23, 2007).

### C. <u>Mandamus</u>

28 U.S.C. § 1361 states in full: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Plaintiff seeks relief for the Court to compel the USCIS and other relevant agencies to act pursuant to its mandamus powers. Plaintiff alleges that the failure of the Government to reach a decision on his application for naturalization constitutes a violation of a duty owed to him. (Compl. ¶ 27.)

Plaintiff claims analysis under § 1361 leads to the conclusion as under the APA. See <u>Yan v. Mueller</u>, No. 07-313, 2007 WL 1521732, at *8 (S.D. Tex. May 24, 2007) ("Because both statutes offer similar means of compelling an agency to take action which by law it is required to take, claims made under this provision of the APA and the federal mandamus statute are subject to the same standard.")

Although subject matter jurisdiction is not free from doubt, in the absence of any Circuit Court decision on the issue presented, the undersigned will respect the views of Judges Robreno and Kauffman of this Court at this time and deny the government's Motion to Dismiss. If the Third Circuit decides this issue, of course this Court will be bound. If another Court of Appeals issues a contrary decision, the Court will consider that holding. This is a more appropriate resolution so that Plaintiff's Complaint, filed almost eight months ago, will remain before the Court and the parties can proceed with any discovery that may be necessary and then with dispositive motions.

If it turns out at any time there is a showing that subject matter jurisdiction is not present, the case can be dismissed at that time.

**V.**     **Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss for lack of subject matter jurisdiction will be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR MOCANU, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT S. MUELLER, et al. | : | NO. 07-0445 |

**ORDER**

AND NOW, this 3rd day of October, 2007, upon consideration of Defendants' Motion to Dismiss (Doc. No. 4), and Plaintiff's Opposition thereto (Doc. No. 5), and for the reasons stated in the accompanying Memorandum, it is hereby ORDERED that the Motion is DENIED.

BY THE COURT:

s/Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07\07-0445 Mocanu v. Mueller\07-0445 Mocanu v. Mueller MTD.wpd