**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VICTOR MOCANU | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT S. MUELLER, et al. | : | NO. 07-0445 |

| | | |
|---|---|---|
| GUISEPPE CUSUMANO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALBERTO GONZALES, et al. | : | NO. 07-0971 |

| | | |
|---|---|---|
| GAYRAT BODOMOV | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, et al. | : | NO. 07-1482 |

**MEMORANDUM**

**Baylson, J.** **December 21, 2007**

> "All of us and you, and I especially, are descended from immigrants and revolutionists." – Franklin D. Roosevelt, speech to the Daughters of the American Revolution in 1938

With those words, our former President reminded all of us of our heritage. Approximately once a month, federal judges have the honor to preside over naturalization ceremonies where we welcome new United States citizens, coming from around the world, of all races, creeds, religions and nationalities.

However, for some individuals who desire to be citizens, the path to citizenship has become tortuous, not because of anything in their background, but apparently only due to

bureaucratic delay, snafu, inertia and/or oversight. All three Plaintiffs in the above cases, and apparently many others who are plaintiffs before other judges in this Court or other district courts, allege they meet all standards for citizenship, and have nothing in their backgrounds to prevent them from becoming naturalized citizens, but nonetheless, the delay in application processing has become so long and frustrating that they are forced to retain lawyers and file lawsuits, obviously at significant expense, to secure citizenship.

In all three cases pending before me, all the Plaintiffs assert that they fully meet all requirements for naturalization, and despite years of waiting, and numerous requests for agency action, they have been unable to get any action on their application.

One reading these Complaints cannot help but recall Joseph K, the protagonist of Kafka's novel The Trial, roaming the halls of government in an effort to find his fate.

In all three cases, government motions to dismiss for lack of jurisdiction have been denied, following rulings by several other judges in this Court. In the subsequent Rule 16 pretrial conferences, government attorneys have given varying, but always insufficient, reasons for the delay in processing these applications.

As the Court has expressed to counsel for the government in these conferences, this situation is simply unfair. There does not appear to be any fact in the background of any of these three Plaintiffs that would deny them the privileges of citizenship, and it is clear that Congress has expressed intent that the processing agencies are expected to act expeditiously, and in fairness, which means without undue delay.

There is some indication that individuals who file lawsuits such as these receive expedited treatment – which, in and of itself, is wrong. Although it may satisfy the "squeaky

wheel" syndrome, the concept that one must file a lawsuit to get action on a pending citizenship application is repugnant to individuals who seek to become citizens, if only because, when their applications are finally processed and they attend the naturalization ceremony, they promise to obey and follow our laws, but – they have just gone through a demeaning experience where our own government agencies themselves do not appear to be following the law.

One of the Defendants is the Director of the Federal Bureau of Investigation, and another is the Secretary of Homeland Security. Both are honorable individuals, and federal judges are naturally reluctant to enter a mandamus order against the FBI or a cabinet officer.[1] One government lawyer implied that the Citizenship and Immigration Service is responsible for the delay, and once it requests the FBI to complete a background check, the application will be finalized.

It appears that many judges of this Court have similar cases which are taking a great deal of time, in part because of the government's filing motions to dismiss to every complaint, but not citing the many decisions of my colleagues rejecting the government's arguments.. Although it does not appear that any of these plaintiffs have sought to litigate this issue on a class action basis, it may be warranted, to avoid the multiplicity of lawsuits and the great expense to each of the plaintiffs hiring their own lawyer.

To further explore these issues and to determine if an administrative procedure can be

---

[1]As Judge DuBois recently held in Costa v. Chertoff, et al., C.A. No. 07-2467, Mitova v. Chertoff, C.A. No. 07-2631, there is some doubt as to whether a federal district judge has jurisdiction to enter a mandamus order in this situation against the Director of FBI. However, it seems apparent that Plaintiffs do have a remedy under the Administrative Procedures Act. If the government is serious about its contention that there is no subject matter jurisdiction over these cases, an appealable Order should be entered promptly so the Court of Appeals can rule on this issue.

employed as a means of settling these cases, or to schedule a prompt and definitive termination to these cases, the Court will hold a pretrial conference on all three cases on Tuesday, January 8, 2008 at 4:00 p.m. in Courtroom 3A.

BY THE COURT:

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL 07\07-0445 Mocanu v. Mueller\Mocanu 07-971 07-445 07-1482 Memorandum 12-21-07.wpd